ALBERT T. KENNEY ET AL., APPELLEES, V. JOSEPH F. KRAJICEK, APPELLANT.

FILED FEBRUARY 13, 1914.   No. 17,555.

Vendor and Purchaser: LAND CONTRACT: FORECLOSURE: DEFENSES: SUFFICIENCY OF EVIDENCE.   In an action to foreclose a written contract for the purchase of real estate, the defense pleaded was that the contract was procured by false and fraudulent representations as to the quality and value of the land; that the defendant was intoxicated at the time of making the contract, and that the same was procured by the undue influence of plaintiffs' agent, who procured the contract.   The evidence is examined, the substance set out in the opinion, and it is *held* that the findings of the district court against defendant are sustained by the evidence.

APPEAL from the district court for Stanton county: GUY T. GRAVES, JUDGE.   *Affirmed.*

*F. Dolezal* and *W. W. Young,* for appellant.

*G. A. Eberly, contra.*

REESE, C. J.

Appeal from the district court for Stanton county.   The action is to foreclose a contract for the sale of real estate situate in Stanton county.   The contract is in writing, signed and acknowledged by the parties, Albert T. Kenney and Minnie A. Kenney, his wife, as vendors, and Joseph F. Krajicek, as purchaser.   The land described as

the property sold is the northwest quarter and the west half of the northeast quarter and the southeast quarter of the northeast quarter of section 27, township 23 north, of range 3 east of the sixth P. M., situated in Stanton county, containing 280 acres. The consideration named as the purchase price is $16,500. At the time of the execution of the contract defendant paid the sum of $1,000. The contract is dated October 7, 1909, and stipulates that the deferred payments were to be made as follows: $5,000 on the 1st day of March, 1910, and $6,000 at the end of five years, the latter to be secured by a second mortgage on the premises, drawing 5½ per cent. interest, and also the assumption of a prior mortgage on the property for $4,500; that upon the payment of the $5,000, due upon the 1st day of March, 1910, plaintiffs were to execute a deed of conveyance to defendant, and at which time the mortgage securing the $6,000 was to be made. Outside of the provisions of the written contract, but a part of the transaction, plaintiffs delivered to defendant a team of mules, harness for same, and a wagon, all valued at about $500. The defendant resides at Howells, in Colfax county, some 16 miles from the land. Upon his failure and refusal to complete the contract of purchase, and upon his notifying plaintiffs that he would not do so, plaintiffs commenced action to recover the whole amount of the purchase price, it being stipulated in the contract that, upon failure to make the payments by defendant, the whole amount should become due. The petition is in the usual form, with prayer for the foreclosure of the contract, the sale of the property, that the proceeds be applied to the payment of the amount found due, and, in case of failure to sell for a sufficient amount to satisfy the decree, that a judgment for the deficiency be rendered.

Defendant answered, admitting the signing of the contract, the receipt of the team of mules, the payment of $1,000, and denying all other averments of the petition. It is pleaded as a defense to the action that the contract was procured by one Sinkula, the agent of plaintiffs, by fraud and undue influence; that defendant was addicted

to the excessive use of intoxicating liquors, and, when under the influence and effect of drink, he lost control of his judgment and will power, and became subject to the influence of others, all of which was known by Sinkula; that Sinkula plied defendant with strong drink, obtained influence over him, and by false representations of the value of the property and his promise that he could sell the land for a substantial advance, and thereby secure a profit to defendant, he induced defendant to enter into the contract; that defendant did not know or understand the nature of the transaction, but was subject to the influence and control of Sinkula, and, through the undue influence of Sinkula, was induced to enter into the contract without knowing the nature of his act; that the contract finally entered into provided that, should defendant fail or refuse to carry out the same the sum of $500 was agreed to as being the liquidated damages to be applied by the vendors upon any sum previously paid by the purchaser, and this fact was urged upon defendant as an inducement to make the purchase. It is alleged that by the fraud and undue influence of Sinkula defendant was induced to purchase the land at a price far in excess of its value; that the quality of the land was sandy, with sand-hills and "blow-outs," and was of little value for the purpose of agriculture; that, upon the discovery of the frauds practiced by Sinkula, defendant had notified plaintiffs that he would not proceed further with the contract, and had offered to tender back the team, harness and wagon, but plaintiff refused to receive them; that defendant is a Bohemian, does not comprehend the English language perfectly, either orally or written, and by reason thereof, and in his drunken condition, he did not comprehend the nature of the contract, nor what he was doing when he signed the contract.

The answer is quite voluminous, consisting of many repetitions, but the foregoing is thought to fairly present its purport. It is accompanied by a cross-petition, by which it is sought to have the contract declared null and void, and that defendant recover judgment for the $1,000 paid

plaintiffs, with interest thereon, and for costs of suit. Plaintiffs filed a lengthy reply denying the allegations of the answer generally, followed by specific denials, and affirmative allegations, which, in effect, deny certain averments of the answer, and plead laches on the part of defendant. The cause was tried to the court, the trial resulting in a decree in favor of plaintiffs, finding the amount due to be $12,222.25, foreclosing the contract, and ordering the property to be sold for the payment of the same, with costs. Defendant appeals.

While it is apparent that defendant has entered into a contract which is probably beyond his ability to perform, we are unable to find any legal or equitable reason why the decree of the district court should be molested.

While the evidence shows that defendant was addicted to the excessive use of intoxicating liquors, the proof largely preponderates in favor of his sobriety at the time of making the contract. It is shown that plaintiffs' agent called his attention to the land, with the statement that it was for sale at a bargain. The defendant seems not to have relied thereon, but with his grown son, accompanied by the agent, he went and examined the land, inspecting it thoroughly. He returned home the day of his examination, and the next day returned to the farm with the agent, his wife and another grown son, and again he and the other son made another inspection, and after satisfying himself, he went to Stanton to plaintiffs' office and entered into the contract. His wife and son were present. He procured the "throwing in" of the team, harness and wagon, objected to the rate of interest to be charged on the $6,000 deferred payment, signed the contract, and wrote his check upon a bank in Howells for $1,000 cash payment. The evidence of his sobriety is convincing, both by his actions and the testimony of the witnesses present, among whom was the disinterested attorney, who was called and who prepared the written contract. He, his wife and son returned to the farm in question, arriving there late in the evening, and returned to their home the next day. A few days thereafter he sent to the Stanton county farm

for the team, harness and wagon, and had them taken to his farm in Colfax county, caused a letter to be written plaintiffs inquiring about insurance upon the buildings on the farm, placed the land in the hands of Sinkula, as his agent, for sale, and, so far as appears, was satisfied with his purchase, until the 20th day of December, when he caused a letter to be written to plaintiffs refusing to carry out his contract. The evidence as to the value of the land is contradictory, defendant's witnesses placing their estimates of the value as low as $40 to $45 an acre, while plaintiffs' witnesses testify to the value at about what the land sold for. It must be conceded that it is not of the best land in Stanton county, being sandy, and parts of it of little value, other parts being the equal of good lands of the county, the price being well below the ruling prices and values of the better land.

Considering the whole case as shown by the evidence, we are persuaded that the decree of the district court should be affirmed, which is done.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.