ALBERT T. KENNEY ET AL., APPELLEES, V. JOSEPH F.
KRAJICEK, APPELLANT.

FILED OCTOBER 16, 1914. No. 17,555.

Rehearing of case reported in 95 Neb. 259. *Judgment of
affirmance adhered to.*

LETTON, J.

This case was heard before a department of the court
and opinion handed down (95 Neb. 259), but has been re-
argued before the full court. On rehearing the defendant
vigorously complained that the opinion suppressed the de-

cisive facts of the case; that it ignored the undue influence of the agent, Sinkula; that it misrepresented the actions of the wife and sons of defendant; and that it erred in holding that the retention of the property by the appellant and his efforts to sell the same through Sinkula amounted to an election and confirmation of the transaction. There is some merit in the complaint, especially as to the implication with respect to the wife and sons. It seems clear that Mrs. Krajicek wanted the younger son, Louis, to go with his father the first day to see that he did not drink, and that the next morning she asked the older son to go with her to prevent a purchase of the land. As to the transaction in Kenney's office in Stanton the evidence is in direct conflict. The Krajiceks say that the wife and son objected to the whole transaction at that time. Mr. Kenney testifies that he met the party on the farm the day before the contract was made; that Krajicek and the others went over the land, and that he himself walked over the pasture with him, which was the poorest part of the farm; that they discussed the sandy condition of the land, and defendant stated that he would go home and come out and see it again and bring his wife; that on that day he seemed perfectly sober; that the next day, when the wife and son were in his office, they objected to buying the place at $16,800, that Krajicek offered $16,000, and that finally they agreed upon $16,500 for the farm and a team of mules, harness and wagon, and that the wife and son made no objection when this conclusion was reached. The evidence does not sustain the charge that Sinkula had plied Krajicek with liquor; furthermore, we find absolutely no proof of any misrepresentations as to the quality of the land, and no more than ordinary representations were made as to its value.

The testimony of the scrivener who executed the contract in Kenney's office is to the effect that he noticed nothing out of the ordinary in the demeanor or actions of Krajicek, and heard nothing of the wife objecting to the making of the contract; the only dispute he heard being between Kenney and Krajicek with respect to the rate

of interest, Kenney wanting 5½ per cent. and Krajicek insisting that 5 per cent. was enough. There is evidence that Sinkula told Krajicek that each of two other men would buy the land if Krajicek did not, and that he procured one of them to say this to Krajicek on the first day that he was at the farm. This, however, apparently had little effect upon Krajicek, because his testimony is as follows: "Q. Did you have any talk with Mr. Judiker there that day? A. We didn't talk very much with Judiker; if he did, I don't remember anything. Q. Nothing Mr. Judiker said had any influence on you buying that land, did it? A. I don't know. * * * Q. You don't remember a thing he said there that day? A. I don't remember any talk."

It was nearly two months and a half after the defendant signed the contract and took the personal property home before he indicated in any manner that he was dissatisfied with the trade. At that time he stated in a letter as the ground for rescission: "The other day in looking over my papers I found that I had bought 280 acres of land from you. Now I was drunk at that time and did not know and understand what I was really doing." The fact is that some days after the transaction he sent for the team and had it at the time he wrote this letter. The evidence shows that Sinkula told him that he thought he could dispose of the land for him at an advanced price, and that he got permission to do so. Sinkula failing to find a purchaser to whom the land could be sold at a profit, defendant undertook to rescind by this letter.

The evidence shows that land of the best quality in Stanton county is worth from $100 to $125 an acre. This land was sold at about $57 an acre. It is apparent, therefore, that the buyer could not expect, and did not anticipate, that he was getting land worth much more than half the value of good farming land in that locality. It is possible that the judgment of Mrs. Krajicek and the oldest son was better than that of the father, and that it was a foolish contract on his part, but even a court of equity cannot act as guardian for all men

who make improvident purchases. With respect to the conflict in the evidence in regard to what occurred at Stanton, the district court had the witnesses before it, observed the demeanor of Krajicek and his family as compared with that of the other witnesses, and found against him. Our view of the testimony coincides with that of the district court upon this point. The case is not entirely free from doubt, and, had the trial judge set the contract aside, we should probably have given consideration to the fact that he had the great advantage of seeing and hearing the witnesses, adopted his view as to their credibility, and affirmed the judgment. Taking all the facts into consideration, we must adhere to our former judgment.

AFFIRMED.

FAWCETT, J., not sitting.